IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Michelle Tyrcha | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| MiraMed Revenue Group | ) | |
| 991 Oak Creek Drive | ) | |
| Lombard, IL 60148 | ) | |
| | ) | July Demand Requested |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now come Plaintiff, by and through his attorneys, and, for their Complaint alleges as follows:

1. Plaintiff, Michelle Trycha, bring this action to secure redress from unlawful collection practices engaged in by Defendant, MiraMed Revenue Group. Plaintiff alleges violation of the the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d and 1692e

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

6. Plaintiff is a resident of the State of Illinois.

7. Defendant ("MiraMed Revenue Group."), is an Texas business entity with an address of 991 Oak Creek Drive, Lombard, IL 60148 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

8. Unless otherwise stated herein, the term "Defendant" shall refer to Miramed Revenue Group.

9. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

12. Plaintiff, along with her Husband, filed for Chapter 13 Bankruptcy on January 30, 2015.

13. On January 28, 2016 Plaintiff's Bankruptcy case was Dismissed.

14. On February 11, 2016, Plaintiff's Bankruptcy case was reinstated, with the Automatic Stay under 11 U.S.C. Section 362 fully back in effect.

15. On February 22, 2016, Defendant mailed an initial collection letter to Plaintiff, despite the fact Plaintiff was in a Chapter 13 Bankruptcy.

16. This debt was already included in ther Chapter 13 Plan. See Exhibit A.

17. As stated by our 7th Circuit Court of Appeals, lack of knowledge of a Bankruptcy Discharge is not an excuse to a violation of 15 U.S.C. Section 1692e. *Turner vs. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir. 2003)

## FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS

18. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

19. Defendant violated 15 U.S.C. Section 1692d by doing actions against Plaintiff that had a natural consequence of harassment or oppression.

20. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

...

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff